# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-31022
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

June 12, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

AUBREY DAVIS,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:04-CR-366-1

Before SMITH, WIENER, and ELROD, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Aubrey Davis appeals the revocation of his supervised release and the resulting sentence of one year and one day of imprisonment, followed by 18 months of supervised release. Davis argues that the district court abused its discretion in revoking his supervised release because the decision was based on a finding that Davis violated a condition to which he was not subject. He also contends that his supervised release should

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

not have been revoked because many of his problems had been resolved and he was not homeless voluntarily; therefore, he asserts, his technical violations did not warrant revocation. Davis contends that the district court considered an improper factor of 18 U.S.C. § 3553(a)(2)(A) when deciding to revoke and when imposing his sentence. He challenges as unconstitutional the condition of supervised release that he notify the probation officer of a change in residence. Finally, he argues that his sentence is substantively unreasonable because the district court should not have imposed another term of supervised release.

The only issue preserved for appellate review is Davis's argument that the district court should not have revoked his supervised release based on the violations. We review the district court's decision for abuse of discretion. *See United States v. Grandlund*, 71 F.3d 507, 509 (5th Cir. 1996). All other arguments are subject to plain error review. *See United States v. Whitelaw*, 580 F.3d 256, 259 (5th Cir. 2009); *United States v. Magwood*, 445 F.3d 826, 828 (5th Cir. 2006).

Davis's challenge to the district court's decision to revoke his supervision based on a finding that Davis violated a condition of supervised release not included in the original judgment fails. Even if the court could not revoke Davis's release on the finding that he failed to notify the probation officer of a change in residence within 72 hours, there is no evidence that Davis complied with the condition as stated in the original judgment. Rather, the evidence showed that Davis did not inform the probation officer of the change in residence for several months and that Davis's whereabouts were unknown. Additionally, Davis admitted to violating this condition. There is no clear or obvious error in revoking Davis's supervised release for violating a condition which he admitted that he violated. *See Puckett v. United States*, 556 U.S. 129, 135 (2009).

Davis's argument that his violations did not warrant revocation is also unavailing.  The record showed that he was in violation of the conditions of supervised release.  The district court did not abuse its discretion in revoking Davis's supervision.  *See United States v. Hinson*, 429 F.3d 114, 118-19 (5th Cir. 2005).

The record is ambiguous as to whether the district court considered an improper factor in deciding to revoke and in determining an appropriate sentence.   Although the court did not specifically reference 18 U.S.C. § 3553(a)(2)(A), Davis contends that particular statements reflect that the court considered the need to promote respect for the law, a factor omitted from the directive of § 3583(e).  *See United States v. Miller*, 634 F.3d 841, 844 (5th Cir. 2011).  Even if we assume there was clear or obvious error, Davis cannot show that the error affected his substantial rights because there is no indication that the district court's decision to revoke was based on this factor alone.  *See Puckett*, 556 U.S. at 135.  Additionally, Davis fails to show that he would have received a lesser sentence but for the alleged error.  *See United States v. Whitelaw*, 580 F.3d 256, 264-65 (5th Cir. 2009).

As for Davis's constitutional challenge, his argument is, at best, subject to reasonable debate and therefore is not clear or obvious error.  *See United States v. Ellis*, 564 F.3d 370, 377-78 (5th Cir. 2009).  Moreover, in light of the fact that Davis's revocation was also based on a finding that he failed to report to his probation officer, Davis's substantial rights were not affected by the alleged error.  *See Puckett*, 556 U.S. at 135.

Under 18 U.S.C. § 3583(h), the district court was authorized to imposed an additional term of supervised release.  The fact that we "might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court."  *United States v. Warren*, 720 F.3d 321,

No. 14-31022

332 (5th Cir. 2013) (internal quotation marks and citation omitted). Davis fails to show that the imposition of an 18-month term of supervised release is plainly unreasonable or plainly erroneous. *See id.* at 326, 332-33.

The judgment of the district court is AFFIRMED.